FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ AUG 1 0 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CATHERINE DRAKAKIS;
CALLIOPE DRAKAKIS,

            Plaintiffs,

-against-

U.S. POST OFFICE ZIP: 11210;
U.S. POST OFFICE ZIP: 11203

            Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
11-CV-3695 (CBA)

AMON, Chief Judge:

Plaintiffs Catherine ("Catherine") and Calliope ("Calliope") Drakakis, appearing pro se, bring this action, which the Court construes as asserting claims against the United States Postal Service ("USPS"). The Court grants plaintiffs' requests to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. However, for the reasons set forth below, the complaint is dismissed without prejudice.

## Background

Plaintiffs allege that they are the victims of identity theft and mail fraud. They allege that Mary Drakakis ("Mary"), Catherine's sister and Calliope's daughter, went to two separate post offices, opened post office boxes, and then completed a change-of-address form in Calliope's name on behalf of the Drakakis family. This has caused plaintiffs' mail to be delivered to post office boxes that Mary controls, not to plaintiffs.

Catherine alleges that her sister, because of the acts just described, has obtained access to her social security number, bank account statements, cellular telephone bills, college loans, and

1

utility bills. (Compl. at 2-3). This access has resulted in, inter alia, Mary cashing a check from Catharine's college in the amount of $100, and Mary ordering movies under Catherine's name in the amount of $93.33. (Id. at 2.) In addition, plaintiffs allege that they have not been receiving their utility bills, as Mary is intercepting them. Moreover, plaintiffs allege that Calliope's SSI payments are no longer coming to their home. (Id. at 3.)

Plaintiffs allege that Mary "was able to do such a thing because the post office does [not] ask for identification for a change of address form." (Id. at 2.) They state that "[t]he Post Office should make a law that identification must be shown to fill out and complete a change of address form. Nobody should be able to go in a post office, fill out a change of address form and submit it by signing someone else's name." (Id. at 4.)

By way of relief, plaintiffs seek $100 dollars for the college check that Mary intercepted and cashed. Plaintiffs further state that Mary needs to get caught and punished to the fullest extent of the law.[1] It is unclear what, if any, additional relief plaintiffs are seeking.

## Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where the court is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,'

---

[1] To the extent that plaintiffs seek to have Mary prosecuted, that is outside the Court's authority and rests squarely with the prosecuting authorities. Leeke v. Timmerman, 454 U.S. 83, 85–86 (1981); Allen v. Mattingly, No. 10-CV-667, 2011 WL 1261103, at *9 (E.D.N.Y. Mar. 29, 2011). If plaintiffs have not already done so, they may report Mary to the appropriate authorities.

such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

The Court is mindful of the fact that, because plaintiffs are proceeding pro se, the complaint in this case is held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89 (2007). The Court is also mindful of its obligation to construe plaintiffs' pleadings liberally and interpret plaintiffs' pleadings as raising the strongest arguments they suggest. Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).

## Discussion

As an initial matter, although the caption identifies as defendants in this action two post offices (identified by zip code), a fair reading of the complaint reveals that this is a lawsuit against the USPS. And the complaint, fairly construed, asserts liability in tort, alleging that the USPS, through its negligence (i.e. failure to require identification of individuals completing change-of-address forms), enabled Mary's wrongful acts and thereby harmed plaintiffs.

The USPS, as an agency of the federal government, is, like the United States itself, generally immune from suit absent a waiver of immunity. See, e.g., Dolan v. U.S. Postal Serv., 546 U.S. 481, 484 (2006) (noting that "the Postal Service enjoys federal sovereign immunity absent a waiver"); Wilber v. U.S. Postal Serv., No. 10-CV-3346, 2010 WL 3036754, at *1 (E.D.N.Y Aug. 2, 2010).

The USPS has waived immunity for suits in tort consistent with the provisions of the Federal Tort Claims Act ("FTCA"). Dolan, 546 U.S. at 484-85 (citing 39 U.S.C. § 409(c)); Bloch v. U.S. Post Office, No. 11-CV-659, 2011 WL 686712, at *1 (E.D.N.Y. Feb. 16, 2011).

3

Relevant here, the FTCA provides that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.*

28 U.S.C. § 2675(a) (emphasis added).

Accordingly, in order to sue the USPS for its allegedly tortious conduct in connection with Mary's wrongful acts, plaintiffs must first have exhausted their administrative remedies by filing a claim with the USPS. This requirement is jurisdictional and, thus, cannot be waived. Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005); Bloch, 2011 WL 686712, at *2.

Here, there is no indication that plaintiffs filed an administrative tort claim with the USPS prior to initiating this action. Accordingly, the complaint is dismissed for lack of subject matter jurisdiction. E.g., Bloch, 2011 WL 686712, at *2 ("even if sovereign immunity did not bar this action, Plaintiff's Complaint would be dismissed without prejudice for lack of subject matter jurisdiction because it does not indicate compliance with statutory requirements for administrative exhaustion").

Although the Court need not (and thus will not) resolve the matter here, there is some reason to think this suit cannot succeed on the merits. Under the "postal matter exception" to the jurisdictional grant provided by the FTCA, the USPS retains sovereign immunity from suit "for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." Dolan, 546 U.S. at 489 (emphasis added); Gildor v. U.S. Postal Serv., 179 F. App'x 756 (2d Cir. 2006); Azeez v. United States, No. 10-CV-3591, 2010 WL 3310699, at *1 (E.D.N.Y. Aug. 19, 2010).

4

There is some reason to think that this complaint, which asserts liability premised on the allegation that the USPS (because of its policy regarding change-of-address forms) negligently delivered plaintiffs' mail to post office boxes controlled by Mary rather than to plaintiffs, is a complaint about the negligent delivery of mail to the wrong address. If that is so, this suit would fall within the postal matter exception to the FTCA's immunity waiver.

The Court, however, need not resolve that matter now because plaintiffs have not exhausted administrative remedies.

## Conclusion

Plaintiffs' complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12 (h)(3); 28 U.S.C. § 1915(e)(2)(B).[2] The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Amon/
CAROL B. AMON
United States District Judge

August 10, 2011
Dated: Brooklyn, New York

---

[2] Plaintiffs are advised that Brooklyn Community Services ("BCS") provides free counseling to litigants who are representing themselves in this Court. BCS does not provide legal advice or legal representation, but the services that it offers may be helpful to plaintiffs. Plaintiffs may schedule an appointment by calling Adele Saleem at 718-310-5626.